UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| AMY HARRIS, individually and on behalf of others similarly situated, *Plaintiff*, | ) ) ) ) | 3:24-cv-889 (SVN) |
| v. | ) ) | |
| LAZ PARKING LTD, LLC, *et al.* *Defendants*. | ) ) ) | January 10, 2025 |

**CERTIFICATION TO STATE ATTORNEY GENERAL
OF CONSTITUTIONAL CHALLENGE TO STATE LAW**

Sarala V. Nagala, United States District Judge.

This action involves a claim, among others, by a consumer and putative class members against a national parking company for an alleged violation of Connecticut law governing surcharges. Amy Harris ("Plaintiff"), on behalf of herself and all others similarly situated, claims that LAZ Parking Ltd, LLC and LAZ Karp Associates, LLC ("Defendants") are violating Conn. Gen. Stat. § 42-133ff, which prohibits the imposition of surcharges on transactions. Defendants have filed a motion to dismiss, contending that the statute is unconstitutional for impermissibly regulating how sellers may communicate their prices. *See* ECF No. 34-1 at 38 (citing *Expressions Hair Design v. Schneiderman*, 581 U.S. 37, 48 (2017)).

For actions such as this one where neither the State of Connecticut nor one of its officers or employees is a party and "the constitutionality of any statute of that State affecting the public interest is drawn in question," federal law requires the Court to certify "such fact" to the state attorney general and to "permit the State to intervene for presentation of evidence, if evidence is otherwise admissible in the case, and for argument on the question of constitutionality," 28 U.S.C. § 2403(b). To the same effect, Rule 5.1 of the Federal Rules of Civil Procedure requires a court

to issue certification pursuant to 28 U.S.C. § 2403(b) and requires the party raising the constitutional challenge to serve notice on the attorney general. *See* Fed. R. Civ. P. 5.1(a)–(b).

Although the argument regarding the unconstitutionality of Conn. Gen. Stat. § 42-133ff is presented as an alternate argument in Defendants' motion to dismiss, the Court believes that providing notice to the state attorney general is the better practice, given that it is a ground that the Court could potentially reach in ruling on Defendants' motion to dismiss.

Accordingly, the Court issues this notice with an allowance pursuant to Fed. R. Civ. P. 5.1(c) for the Attorney General of Connecticut to file a motion to intervene and any opposition or other response to Defendant's argument that Conn. Gen. Stat. § 42-133ff is unconstitutional within 60 days of this Order, if he wishes to defend against the constitutional challenge. The Clerk is directed to serve this notice on the Office of the Attorney General.

**SO ORDERED** at Hartford, Connecticut, this 10th day of January, 2025.

                                             */s/ Sarala V. Nagala*
                                             SARALA V. NAGALA
                                             UNITED STATES DISTRICT JUDGE